# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LOUIS BUSH,<br><br>Petitioner,<br><br>v.<br><br>C. KOENIG, Warden,<br><br>Respondent. | NO. SACV 19-00563-DMG (AGR)<br><br>OPINION AND ORDER ON SECOND OR SUCCESSIVE PETITION |

Because Petitioner previously challenged the same underlying state-court judgment in a prior habeas action that the Court dismissed with prejudice, and because Petitioner lacks Ninth Circuit authorization to file a second or successive habeas petition, the Court lacks jurisdiction over the matter.

# I.

# PROCEDURAL BACKGROUND

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California.

On July 2, 1996, an Orange County Superior Court jury found Petitioner guilty of two counts of second-degree robbery (counts 1 and 2), two counts of assault with a firearm (counts 4 and 5), and one count of being a felon in possession of a firearm (count 6). The jury found true firearm enhancement allegations and also found true that Petitioner suffered prior felony convictions. In 1997, Petitioner was sentenced to 92-years-to-life in prison under California's Three Strikes law. (Case No. 95CF2440.) The California Court of Appeal affirmed the judgment on January 28, 1999. (Case No. G020389.) On April 14, 1999, the California Supreme Court summarily denied a petition for review. (Case No. S076995.)

On April 13, 2000, an Orange County Superior Court issued a reasoned decision denying a state habeas petition. On May 25, 2000, the California Court of Appeal summarily denied a state habeas petition. On November 29, 2000, the California Supreme Court denied a state habeas petition. (Case No. S090542.)[1]

### A. *Bush I*: CV 01-00264

On March 2, 2001, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, before this Court in *Bush v. Calderon*, No. SACV 01-00264-AHS (JWJ) (C.D. Cal. Mar. 2, 2001) ("*Bush I*"). On April 23, 2001, Petitioner filed a first amended petition

---

[1] The background information provided above was obtained from the magistrate judge's Report in *Bush v. Calderon*, No. SACV 01-00264-AHS (JWJ) ("*Bush I*," Dkt. No. 32 at 3-5.)

2

raising the following five grounds for relief: (1) the trial court erred in deciding that Petitioner's 1989 convictions constituted prior serious or violent felony offenses under California's Three Strikes law; (2) ineffective assistance of trial counsel based on failure to file a motion to strike prior 1989 convictions; (3) ineffective assistance of trial counsel based on failure to file a motion to dismiss robbery charges for insufficient evidence; (4) prosecution violated fourteenth amendment rights by offering witnesses leniency in exchange for testimony and ineffective assistance of counsel based on failure to challenge prosecutorial leniency; and (5) the trial court erroneously imposed full-term consecutive sentences for firearm use enhancements pursuant to Cal. Penal Code Section 12022.5. (*Bush I*, Dkt. No. 32 at 5.)[2]

On July 24, 2002, the magistrate judge issued a Report finding that Petitioner was not entitled to habeas relief on any of the grounds raised and recommended that judgment be entered denying the first amended petition on the merits and dismissing the action with prejudice. (*Id.*, Dkt. No. 32 at 6-22.)

On September 10, 2002, the district judge entered an order accepting the Report's findings and recommendations and entered judgment dismissing the action with prejudice. (*Id.*, Dkt. Nos. 34-35.) On November 13, 2002, the district judge denied a Certificate of Appealability. (*Id.*, Dkt. No. 40.) On May 14, 2003, the Ninth Circuit denied a request for a Certificate of Appealability. (*Id.*, Dkt. Nos. 44-45; Case No. 02-56945.)

**B.   State Habeas Petitions Filed on Collateral Review**

The California Court of Appeal summarily denied state habeas petitions on November 13, 2015, September 15, 2016, March 15, 2018, and September 13,

---

[2] Page citations are to the page numbers generated by the CM/ECF system in the header of the document.

2018.[3]

According to Petitioner, an Orange County Superior Court denied a state habeas petition on August 8, 2018 in case no. C95CF2440. (Dkt. No. 1 at 3, 16.)

The California Supreme Court summarily denied state habeas petitions on August 8, 2018 and February 27, 2019.[4]

## C. *Bush II*: CV 19-00563

On March 8, 2019, Petitioner constructively filed the instant Petition before this Court in *Bush v. Koenig*, No. CV 19-00563-DMG (AGR) (C.D. Cal. Mar. 8, 2019) ("*Bush II*"). Petitioner raises two grounds for relief: (1) the state court failed to apply the categorical approach announced in *Taylor v. United States*, 495 U.S. 575 (1990), when determining whether or not Petitioner's conviction for robbery qualified as a violent felony and failed to apply the elements test announced in *Johnson v. United States*, 559 U.S. 133 (2010); and (2) the state court erroneously concluded that Petitioner's conviction for second degree robbery under Cal. Penal Code Section 211 was not a categorical match to the Armed Career Criminal Act ("ACCA")'s definition of a violent felony. (Dkt. No. 1 at 6-7.)

The Court takes judicial notice of the Ninth Circuit's public records indicating that Petitioner has not sought, and has not received, authorization from the Ninth Circuit to file a second or successive Petition.

## II.
## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA

---

[3] See the California Appellate Court's website for the docket information in case numbers G052757, G053983, G056078, and G056780, respectively.

[4] See the California Appellate Court's website for the docket information in case numbers S248284 and S251511, respectively.

4

in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" Petition absent authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Here, the Petition in *Bush II* is second or successive because it challenges the same judgment imposed by the state court in *Bush I*.  On April 23, 2001, Petitioner filed a First Amended Petition before the Court in *Bush I* raising the following grounds for relief: (1) the trial court erred in deciding that Petitioner's 1989 convictions constituted prior serious or violent felony offenses under California's Three Strikes Law; (2) ineffective assistance of trial counsel based on failure to file a motion to strike prior 1989 convictions; (3) ineffective assistance of trial counsel based on failure to file a motion to dismiss robbery charges for insufficient evidence; (4) prosecution violated fourteenth amendment rights by offering witnesses leniency in exchange for testimony and ineffective assistance of counsel based on failure to challenge prosecutorial leniency; and (5) the trial court erroneously imposed full-term consecutive sentences for firearm use enhancements pursuant to Cal. Penal Code Section 12022.5. (*Id.*, Dkt. No. 32 at 5.)

On September 10, 2002, the district judge entered an order accepting the magistrate judge's Report and entered judgment dismissing the action with prejudice.  (*Id.*, Dkt. Nos. 34-35.)  On November 13, 2002, the district judge denied a Certificate of Appealability.  (*Id.*, Dkt. No. 40.)  On May 14, 2003, the Ninth Circuit denied a request for a Certificate of Appealability.  (*Id.*, Dkt. Nos. 44-45.)

The Petition in *Bush II* again challenges Petitioner's robbery conviction. Petitioner raises the following two grounds for relief: (1) the state court failed to apply the categorical approach announced in *Taylor v. United States*, 495 U.S. 575 (1990), when determining whether or not Petitioner's conviction for robbery qualified as a violent felony and failed to apply the elements test announced in *Johnson v. United States*, 559 U.S. 133 (2010); and (2) the state court erroneously concluded that Petitioner's conviction for second degree robbery under Cal. Penal Code Section 211 was not a categorical match to the ACCA's definition of a violent felony. (Dkt. No. 1 at 6-7.) A Petition is second or successive "if the facts underlying the claim occurred by the time of the initial petition" and "if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied Brown v. Hatton*, 139 S.Ct. 841 (2019) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). Thus, the Petition is second or successive.

A review of the Ninth Circuit's online database indicates that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted). Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court therefore dismisses the Petition as a second or successive Petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). The Clerk will be directed to send

Petitioner a copy of Ninth Circuit Form 12 so that he can provide the necessary information to the Circuit for such an application.

### III.
### ORDER

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: September 9, 2019

                                              DOLLY M. GEE
                                       United States District Judge